IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN TYRONE HOUGH,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Petitioner,　　)
　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　)　　　　1:13CV238
　　　　　　　　　　　　　　　　)
STATE OF NORTH CAROLINA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Respondent.　)

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE


Petitioner, a federal prisoner who was formerly a prisoner of the State of North

Carolina, has submitted a Petition [Doc. #1] under 28 U.S.C. § 2254 for a writ of habeas

corpus by a person in state custody.  Upon review of the matter, the undersigned concludes

that the case should be dismissed for the following reasons.  Rule 4, Rules Governing Section

2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the
> petitioner is not entitled to relief in the district court, the judge must dismiss
> the petition and direct the clerk to notify the petitioner.

A writ of habeas corpus may issue if a petitioner demonstrates that he is in state custody in

violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a) the federal courts have jurisdiction to entertain

applications for habeas corpus only if the petitioner is "in custody."  The custody requirement

of § 2254 is not met when the prisoner is challenging an expired state sentence, even if the

expired sentence has enhanced a current sentence.  See Maleng v. Cook, 490 U.S. 488, 492 (1989).  If a petitioner is no longer in custody on the challenged conviction, the Court lacks subject matter jurisdiction in the case.  Id. at 494.

In this case, Petitioner seeks to attack convictions from the Guilford County Superior Court in cases 93-CRS-64952 and -64953, which Petitioner reports were entered on July 11, 1994. [Petition, §§ 1- 2.]  He states that he was sentenced to fifteen years of imprisonment. [Id., § 3.]  Taking all of the facts alleged by Petitioner as being true, it appears that he is not currently in custody on the convictions he seeks to challenge.  Further, the information supplied in the Petition is confirmed by the North Carolina Department of Public Safety's website, which reports that "Jonathan Tyrone Hough" was convicted on July 11, 1994 in Guilford County in case "93064952" and sentenced to a maximum of fifteen years.  He was released from that sentence on October 3, 1999.  See http://www.doc.state.nc.us/offenders (search for "Jonathan T. Hough" last completed July 8, 2013).  Therefore, the State's records confirm that Petitioner is no longer serving any sentence for the convictions he challenges.[1] For this reason, he does not meet § 2254's custody requirement.  Therefore, the Court lacks jurisdiction over this habeas petition because Petitioner has not satisfied the custody requirement.

---

[1] In 2001, Petitioner was indicted in this Court in case 1:01CR107-1 on drug and weapons charges.  He remains in federal custody after pleading guilty in that case.  To the extent Petitioner has filed in that case a Motion under 28 U.S.C. § 2255 raising issues regarding, inter alia, Petitioner's prior state convictions, those matters will be considered to the extent necessary as part of that § 2255 proceeding.

*In forma pauperis* status will be granted for the sole purpose of entering this order and recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed *sua sponte* pursuant to Rule 4, Rules Governing Section 2254 Cases.

This, the 9th day of July, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
